IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VIRGINIA BIGELOW,** | ) | **CASE NO. 8:10CV196** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JAMES WELSH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed her Complaint in this matter on May 17, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on May 17, 2010, against James Welsh. (Filing No. 1 at CM/ECF p. 1.) Defendant is a Nebraska attorney that represented Plaintiff in wrongful death action from 2005 to 2008. (*Id*. at CM/ECF pp. 1-4.) Defendant offices in Omaha, Nebraska. (*Id*. at CM/ECF p. 1.) Plaintiff currently resides in Omaha, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that Defendant was negligent while he was representing her. (*Id*. at CM/ECF p. 2.) Due to Defendant's negligence, Plaintiff "lost the legal ability to recover" damages for the wrongful death of her husband. (*Id*.) Plaintiff seeks "special and general damages, plus interest . . . and the costs of this action." (*Id*. at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a

complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). A plaintiff may establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy

must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff alleges that she is a Nebraska resident and that Defendant is a Nebraska attorney that offices in Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 1.) Because Plaintiff has failed to show Defendant's citizenship is different from her citizenship, she has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

As discussed above, Plaintiff alleges that Defendant was negligent while he was representing her in a wrongful death action. (Filing No. 1 at CM/ECF p. 2.) She does not specify whether she brings this claim pursuant to federal law. (*Id*. at CM/ECF pp. 1-3.) To the extent that Plaintiff brings her claims pursuant to 42 U.S.C. § 1983, her Complaint fails to state a claim upon which relief may be granted because she does not allege that Defendant acted under color of state law. *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (holding that a private attorney may not be liable under 42 U.S.C. § 1983 unless he was "a willing participant in joint action with the State or its agents"); *see also Daniels v. Williams*, 474 U.S. 327, 328-36 (1986) (concluding that negligence is not actionable under 42 U.S.C. § 1983).

In sum, this court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed. However, because Plaintiff may have a state-law claim for

3

legal malpractice, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

    IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in the proper forum; and

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 25th day of June, 2010.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.